## DENNIS D. CASEY v. PILLSBURY FLOUR MILL COMPANY.[1]

July 18, 1913.

Nos. 18,146—(203).

**Injury to servant — proximate cause.**

1. The plaintiff was engaged, with others, in hoisting an electric motor from the ground through a window and into the defendant's elevator. The pulley ropes, fastened to a steel beam which projected beyond the building line, became tangled when the motor was part way up, so that the men could move it neither up nor down, and it became necessary to attach other ropes to the beam, and to the motor, dispensing with those first used. This was safely done and the men commenced lowering the motor. The men at the windlass let go the handles and the motor fell, injuring the plaintiff. It is claimed that the defendant negligently failed to use sufficient guy lines to prevent the pulley ropes before mentioned from becoming tangled. It is *held* that if there was such failure it was not the proximate cause of plaintiff's injury.

**Same — directed verdict right.**

2. The act of the men at the windlass, in letting go the handles, was the

1 Reported in 142 N. W. 726.

proximate cause of the injury to the plaintiff, and the court properly directed a verdict for the defendant.

Action in the district court for Hennepin county to recover $6,335 for personal injury received while in the employ of defendant. The case was tried before Hale, J., who at its close granted defendant's motion to direct a verdict in its favor. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*M. A. Jordan* and *Thomas Kneeland,* for appellant.

*P. J. McLaughlin,* for respondent.

DIBELL, C.

This action was brought by the plaintiff to recover damages for a personal injury sustained while in the employ of the defendant. At the close of the testimony, the court directed a verdict for the defendant. The plaintiff made a motion for a new trial, which was denied. This is an appeal from the order denying a new trial.

The plaintiff, with others, was engaged in hoisting an electric motor from the ground into an elevator of the defendant. A steel beam projected beyond the building line, and above the window into which the motor was to be hoisted. The tackle was attached to this beam, and was operated by a windlass on the ground below. The motor was gotten up something like 60 feet, when the pulley ropes became tangled, and the men could get the engine neither up nor down. They then attached other tackle to the steel beam, fastened it to the motor, dispensing with the tackle first used, and proceeded to lower the motor. The men at the windlass let go of the handles, the motor fell, and the plaintiff was injured.

1. One claim is that the defendant was negligent in failing to have a sufficient number of guy lines to prevent the pulley ropes from becoming tangled. The only result of this was that it became necessary to make a new hitch. This was safely done, and no one was hurt because of the failure to have sufficient guy lines. Conceding that the defendant was negligent in failing to use a sufficient number of guy lines, to prevent the pulley ropes from becoming tangled, its failure in this respect was not the proximate cause of the plaintiff's injury.

2. The men at the windlass let go of the handles and the motor fell. The court held, in directing a verdict for the defendant, that it conclusively appeared that the act of the men in letting go the handles was the proximate cause of the fall of the motor and of the injury to the plaintiff. In this the court was correct. These men were fellow servants of the plaintiff. The court properly directed a verdict for the defendant.

Order affirmed.